**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

IN RE

| | | |
|---|---|---|
| KIM BOK-HEE, | ) | |
| | ) | |
| | ) | Civil Action No. 1:26-cv-01561 (UNA) |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OPINION

This matter is currently before the Court on consideration of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP App."), ECF No. 2. Upon review, for the reasons stated below. the Court denies Plaintiff's IFP Application and it dismisses this matter without prejudice.

At the outset, the Court denies Plaintiff's IFP Application. The IFP Application does not contain any information regarding Plaintiff's financial circumstances. *See generally* IFP App. Without this information, the Court is unable to assess Plaintiff's ability—or inability—to submit the filing fee for this matter. *See* 28 U.S.C. § 1915(a)(1).

The Complaint is equally deficient. Plaintiff, who appears to live in Korea but provides no address, *see* IFP App. at 1, as required, *see* D.C. LCvR 5.1(c)(1), has apparently attempted to file a criminal complaint, *see* Compl. Memorandum ("Memo"), ECF No. 1-1, at 1, and the intended opposing parties, if any, are unspecified. The Complaint's allegations are rambling and difficult to discern. Plaintiff states that she intends to return "over 90% of" land that she owns "to the American people" as "act of service." *See* Compl. at 1. The remainder of the pleading consists of Plaintiff's personal history, resume, personal goals, prayers, and other anecdotes from Plaintiff's

life, *see* Memo at 2–5, 10–25, and unexplained exhibits that contravene D.C. Local Civil Rule 5.1(e), *see id.* at 31–46.

*Pro se* litigants must comply with the Federal and Local Rules of Civil Procedure, *see Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987), and here, the Complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a pleading to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Notably, "[a] confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

Plaintiff's Complaint falls squarely into this category. The allegations simply do not provide adequate notice of a claim, or with a basis for this Court's subject matter jurisdiction or venue. Furthermore, insofar as Plaintiff seeks to institute a criminal case, she may not do so. A federal court lacks jurisdiction to compel an investigation or criminal charges by any law enforcement agency. *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987) (per curiam); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982). The Executive Branch has absolute discretion to make such decisions, and they are not subject to judicial review. *United States v. Nixon,* 418 U.S. 683, 693 (1974); *see Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480–81 (D.C. Cir. 1995); *Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965); *see also*

*Heckler v. Chaney*, 470 U.S. 821, 831 (1985) ("[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion.").

For these reasons, this case is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date: August 24, 2026

__________/s/_____________
AMIT P. MEHTA
United States District Judge